■ PAUL GORSKY, Respondent, v SHARRYN GORSKY, Appellant.—In a proceeding pursuant to Family Court Act article 6 for a change of custody of a child, the appeal is from an order of the Family Court, Suffolk County (Hurley, J.), entered June 22, 1987, which, *inter alia,* denied the appellant mother's motion to vacate an order of the same court, entered January 19, 1987, directing that custody of the parties' son be changed from the appellant to the petitioner, or in the alternative, for visitation privileges.

Ordered that the order is modified, on the law, by deleting the provision denying that branch of the appellant's motion which sought visitation; as so modified, the order is affirmed, with costs to the petitioner, and the matter is remitted to the Family Court, Suffolk County, for a hearing on the visitation to be permitted to the appellant.

While the general rule with respect to opening defaults in civil actions is not to be rigorously applied to cases involving child custody *(see, e.g., D'Alleva v D'Alleva,* 127 AD2d 732, 734), the appellant here completely failed to establish any reasonable excuse for the default. In fact, it appears from the record that her default was willful. The appellant, who had earlier been warned by the same Family Court Judge that dire consequences could result from her continued attempts to frustrate the visitation rights of the petitioner, removed the child of the parties to Georgia from Long Island without any prior notice to the petitioner. When served with the petitioner's papers seeking a change of custody, she responded that she could not afford to return to New York and requested a seven-month adjournment of the scheduled hearing. She pro-

vided no details of her alleged financial hardship, however, and her affidavits indicate that her move had been motivated, at least in part, by her desire to avoid contact with the petitioner and his present wife. When her unreasonable adjournment request was denied, she failed to appear for the hearing which resulted in the order directing the change of custody to the petitioner. Thereafter, she retained counsel to vacate that order. No evidence has been presented to suggest that the appellant's default was anything other than willful, nor were any facts presented tending to justify her out-of-State move on financial or other pressing grounds. Therefore her motion to vacate the default was properly denied *(see, Ray v Ray,* 108 AD2d 905).

Nevertheless, we find that the court erred in failing to grant the alternative relief the appellant requested, that is, visitation rights with the child of the parties, which was, in principle, not opposed by the petitioner, although he desired some limitations. It is clear from the record that visitation with the appellant would be in the best interests of the infant child, and therefore, we remit this matter to the Family Court for a determination on that issue to be made following a hearing. Bracken, J. P., Spatt, Sullivan and Harwood, JJ., concur.