■ In the Matter of CHANNA TAUBER, Respondent, v ELKAN TAUBER, Appellant.—In a custody proceeding pursuant to Family Court Act article 6 in which the wife was granted permanent custody of the parties' minor children upon the default of the husband, the husband appeals from an order of the Family Court, Rockland County (Bergerman, J.), dated December 23, 1987, which denied, without a hearing, his motion to vacate the custody order.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for an evidentiary hearing on the husband's motion to vacate his default.

On the husband's default, permanent custody of the parties' six minor children was awarded to the wife. The husband's subsequent motion to vacate the order entered upon his default was denied without a hearing, despite his contention that his failure to appear was attributable to his former attorney. In view of this court's liberal policy in favor of vacating defaults in matrimonial and custody matters (see, D'Alleva v D'Alleva, 127 AD2d 732; Ray v Ray, 108 AD2d 905;

*Antonovich v Antonovich,* 84 AD2d 799), the Family Court should not have denied the motion without a hearing on the issues of whether the default is excusable and whether the husband has a meritorious defense to the award of custody *(see, Pisano v Pisano,* 71 AD2d 670).

There is no merit to the husband's contention that the court failed to acquire in personam jurisdiction over him since the jurisdictional predicates of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) were fully complied with, and, in particular, he received notice and an opportunity to be heard *(see,* Domestic Relations Law § 75-e). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.