■ In the Matter of RANDI BUTTERWORTH, Appellant, v JERALD H. SPERBER, Respondent. [774 NYS2d 430]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Spinner, J.), dated August 11, 2003, which, after a hearing, denied her motion to vacate an order of the same court dated December 20, 2002, made upon her default in appearing at a scheduled hearing, inter alia, dismissed her petition for an upward modification of child support and granted the father's cross petitions, among other things, for termination of his child support obligation.

Ordered that the order dated August 11, 2003, is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the order dated December 20, 2002, is vacated, the petition and cross petitions are reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings before a different judge.

A party seeking to vacate a default must establish a reasonable excuse for the default and a meritorious case (*see Brosius v Brosius*, 266 AD2d 174 [1999]; *Matter of Fierro v Fierro*, 211 AD2d 676 [1995]). Here, the Family Court improvidently exercised its discretion as the mother established a reasonable excuse for her failure to appear at the hearing scheduled for December 20, 2002, on her petition for an upward modification of child support, and the father's separate cross petitions, inter alia, for termination of his child support obligation. Moreover, the mother established the merit of her claim for an upward modification of child support.

Accordingly, the Family Court improvidently exercised its discretion in denying the motion to vacate the order dated December 20, 2002, made upon the mother's default in appearing at a scheduled hearing. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.