In the Matter of LISA LEE, Respondent, v ERIC MORGAN, Appellant. [889 NYS2d 205]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Buggs, J.), dated November 13, 2008, which denied his motion to vacate an order of the same court dated October 24, 2008, entered upon his default in appearing, granting the mother's petition to modify an order of the same court (McGrady, Ct. Atty. Ref.) dated May 16, 2008, so as to allow her to relocate with the subject child to the State of Connecticut. By decision and order on motion of this Court dated December 11, 2008 [2008 NY Slip Op 91818(U)], enforcement of the order dated October 24, 2008, was stayed pending hearing and determination of the appeal from the order dated November 13, 2008.

Ordered that the order dated November 13, 2008, is reversed, on the law and in the exercise of discretion, without costs or

disbursements, the motion is granted, the order dated October 24, 2008, is vacated, and the matter is remitted to the Family Court, Queens County, for further proceedings.

By order dated October 24, 2008, the Family Court granted the mother's petition to modify an order of the same court dated May 16, 2008, so as to allow her to relocate with the subject child to the State of Connecticut based upon the father's failure to appear on the return date of the petition. In an order dated November 13, 2008, the Family Court denied the father's motion to vacate the order dated October 24, 2008. We reverse.

"A party seeking to vacate a default must establish a reasonable excuse for the default and a meritorious case" (*Matter of Butterworth v Sperber,* 6 AD3d 530 [2004]; *see* CPLR 5015 [a] [1]; *Matter of Dellagatta v McGillicuddy,* 31 AD3d 549 [2006]; *Matter of Oliphant v Oliphant,* 21 AD3d 376 [2005]). The question of "whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court" (*Matter of Fierro v Fierro,* 211 AD2d 676, 678 [1995]).

Under the circumstances presented, the father established a reasonable excuse for his default based on his reasonable belief that the matter would be adjourned (*see Matter of Dellagatta v McGillicuddy,* 31 AD3d 549 [2006]; *Matter of Cohen v Seletsky,* 142 AD2d 111, 117 [1988]). In addition, the father established a meritorious defense to the mother's petition to modify the prior order so as to allow her to relocate with the subject child to the State of Connecticut (*see Matter of Tropea v Tropea,* 87 NY2d 727, 740-741 [1996]). As this proceeding involves the issue of child custody, the law favors its resolution on the merits (*see Matter of Tauber v Tauber,* 152 AD2d 674 [1989]). Covello, J.P., Santucci, Chambers and Lott, JJ., concur.