■ In the Matter of TYRELL JOHNSON, Respondent, v TARAY LEE, Appellant. [931 NYS2d 901]—

A party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Dellagatta v McGillicuddy*, 31 AD3d 549, 550 [2006]; *Matter of Oliphant v Oliphant*, 21 AD3d 376 [2005]; *Matter of Butterworth v Sperber*, 6 AD3d 530 [2004]). However, the general rule with respect to opening defaults in civil actions "is not to be rigorously applied to cases involving child custody" (*Gorsky v Gorsky*, 148 AD2d 674, 674 [1989]; *see Ito v Ito*, 73 AD3d 983 [2010]; *D'Alleva v D'Alleva*, 127 AD2d 732, 734 [1987]).

Under the circumstances presented, and recognizing that the law favors resolution on the merits in child custody proceedings (*see Matter of Lee v Morgan*, 67 AD3d 681 [2009]; *Matter of Pinto v Putnam County Support Collection Unit*, 295 AD2d 350, 351 [2002]; *Matter of Tauber v Tauber*, 152 AD2d 674 [1989]), the Family Court should have granted the mother's motion to

vacate the custody order entered upon her default in appearing. Accordingly, we reverse the order appealed from and remit the matter to the Family Court, Kings County, for further proceedings on the petition. Rivera, J.P., Eng, Belen and Austin, JJ., concur.