■ In the Matter of HEATHER J. CUMMINGS, Respondent, v NEIL ROSOFF, Appellant. (Proceedings No. 1, 2 and 3.) In the Matter of NEIL ROSOFF, Appellant, v HEATHER J. CUMMINGS, Respondent. (Proceedings No. 4 and 5.) [955 NYS2d 193]—

714

"A party seeking to vacate an order entered upon his or her default is required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense" (*Matter of Lorraine D. v Widmack C.*, 79 AD3d 745, 745 [2010]; *see* CPLR 5015 [a]; *Matter of Mongitore v Linz*, 95 AD3d 1130 [2012]; *Matter of Jurow v Cahill*, 56 AD3d 559, 559-560 [2008]). However, "the law favors resolution on the merits in child custody proceedings," and thus the "general rule with respect to opening defaults in civil actions is not to be rigorously applied to cases involving child custody" (*Matter of Johnson v Lee*, 89 AD3d 733, 733 [2011] [internal quotation marks omitted]; *see Lueders v Boma-Lueders*, 85 AD3d 1130, 1131 [2011]; *Ito v Ito*, 73 AD3d 983 [2010]).

Under the particular circumstances presented here, and in light of the policy favoring resolutions on the merits in child custody proceedings, the Family Court improvidently exercised its discretion in denying the father's motion to vacate his default. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.