■ In the Matter of JASON STRICKLAND, Respondent, v BERNADINE LEWIS, Appellant. [972 NYS2d 920]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Kings County (Valme-Lundy, Ct. Atty. Ref.), dated September 19, 2012, as denied her motion to vacate an order of the same court dated August 7, 2012, made upon her failure to appear, granting the father's petition for custody of the subject children.

Ordered that the order dated September 19, 2012, is affirmed insofar as appealed from, without costs or disbursements.

"The determination whether to relieve a party of an order

entered upon his or her default is a matter left to the sound discretion of the Family Court" (*Matter of Petulla v Petulla*, 85 AD3d 925, 926 [2011] [internal quotation marks omitted]; *see Matter of Cassidy Sue R.*, 58 AD3d 744, 745 [2009]; *Matter of Francisco R.*, 19 AD3d 502, 502 [2005]; *Matter of Tenisha Tishonda T.*, 302 AD2d 534, 534 [2003]). "A party seeking to vacate such an order must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the demand for relief sought in the petition" (*Matter of Petulla v Petulla*, 85 AD3d at 926; *see* CPLR 5015 [a] [1]; *Matter of Cassidy Sue R.*, 58 AD3d at 745; *Matter of Coates v Lee*, 32 AD3d 539, 539 [2006]; *Matter of Francisco R.*, 19 AD3d at 502).

Here, the mother did not establish a reasonable excuse for her default or a potentially meritorious defense to the relief sought in the petition. Accordingly, the Family Court properly denied the mother's motion to vacate the order dated August 7, 2012, made upon her default in appearing. Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.