In an adoption proceeding pursuant to Domestic Relations Law article 7, Benjamin E. appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Davidson, J), entered October 11, 2012, as denied that branch of his motion which was, in effect, to vacate his default in appearing at a fact-finding hearing.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2011, the petitioner, the stepfather of the subject child, commenced an adoption proceeding pursuant to Domestic Relations Law article 7, alleging that the child’s biological father, Benjamin E. (hereinafter the appellant), had abandoned the child such that the appellant’s consent to adoption was not required. In May 2012, after the appellant failed to appear at a fact-finding hearing on the adoption petition, the Family Court found that he had abandoned the child. In June 2012, the appellant moved, inter alia, in effect, to vacate his default in appearing at the hearing. In an order entered October *685 11, 2012, the Family Court, among other things, denied that branch of the appellant’s motion which was, in effect, to vacate his default in appearing.
A party seeking to vacate his or her default in appearing or in answering a petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition (see CPLR 5015 [a] [1]; Matter of Strickland v Lewis, 110 AD3d 907 [2013]). Here, the appellant failed to demonstrate a reasonable excuse for his default in appearing, and, thus, it is unnecessary to determine whether he demonstrated the existence of a potentially meritorious defense to the petition (see Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759 [2013]; Wells Fargo Bank v Malave, 107 AD3d 880, 881 [2013]).
The appellant’s remaining contentions either are without merit or are not properly before this Court.
Accordingly, the Family Court properly denied that branch of the appellant’s motion which was, in effect, to vacate his default in appearing at the fact-finding hearing. Mastro, J.E, Rivera, Sgroi and Cohen, JJ., concur.