■ In the Matter of MICHAEL L. BRICE, Respondent, v TAMIKA K. LEE, Appellant. [24 NYS3d 112]—

Appeal from an order of the Family Court, Queens County (Craig Ramsuer, Ct. Atty. Ref.), dated October 7, 2014. The order denied the mother's motion to vacate an order of that court dated September 4, 2014, granting the father's petition for sole legal and physical custody of the subject child upon the mother's failure to appear for a scheduled court date.

Ordered that the order dated October 7, 2014, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's motion to vacate the order dated September 4, 2014, is granted, and the matter is remitted to the Family Court, Queens County, for further proceedings to be held with all convenient speed on the petitions; and it is further,

Ordered that, in the interim, and until further order of the Family Court, Queens County, the provisions of the order dated September 4, 2014, regarding custody of the subject child, shall remain in effect.

The father commenced these related custody and visitation proceedings when the subject child was approximately six years old. The child had resided with the mother since birth. About nine months after the commencement of these proceedings, the mother failed to appear for a scheduled court date. Her attorney moved for an adjournment, the Family Court denied the motion, and the mother's attorney declined to participate in the proceedings without the mother present. The court conducted an inquest in the mother's absence and thereafter entered an order dated September 4, 2014, upon the mother's failure to appear, granting the father's petition for sole legal and physical custody of the child. The mother subsequently moved to vacate that order, contending, inter alia, that her failure to appear at the scheduled court date was not willful. In an order dated October 7, 2014, the court denied the mother's motion, and the mother appeals.

The determination of whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court (*see Matter of Strickland v Lewis*, 110 AD3d 907, 907 [2013]; *Matter of Petulla v Petulla*, 85 AD3d 925, 925 [2011]). "A party seeking to vacate an order entered upon his or her default is required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense" (*Matter of Lorraine D. v Widmack C.*, 79 AD3d 745, 745 [2010]; *see Matter of Strickland v Lewis*, 110 AD3d at 907; *Matter of Petulla v Petulla*, 85 AD3d at 925). However, "the law favors resolution on the merits in child custody proceedings," and thus the "general rule with respect to opening defaults in civil actions is not to be rigorously applied to cases involving child custody" (*Matter of Johnson v Lee*, 89 AD3d 733, 733 [2011] [internal quotation marks omitted]; *see Matter of Cummings v Rosoff*, 101 AD3d 713, 714 [2012]; *Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009]; *see also Lueders v Boma-Lueders*, 85 AD3d 1130, 1131 [2011]; *Ito v Ito*, 73 AD3d 983, 983 [2010]; *Gorsky v Gorsky*, 148 AD2d 674, 674 [1989]; *D'Alleva v D'Alleva*, 127 AD2d 732, 734 [1987]).

Under the circumstances presented here, and in light of the policy favoring resolutions on the merits in child custody proceedings, the Family Court improvidently exercised its discretion in denying the mother's motion to vacate the order dated September 4, 2014, entered upon her failure to appear (*see Matter of Cummings v Rosoff*, 101 AD3d at 714; *Matter of Johnson v Lee*, 89 AD3d at 733; *Matter of Lee v Morgan*, 67 AD3d at 682). Accordingly, we reverse the order dated October 7, 2014, grant the mother's motion to vacate the order dated September 4, 2014, and remit the matter to the Family Court, Queens County, for further proceedings on the petitions. In the interim and until further order of the Family Court, Queens County, the provisions of the order dated September 4, 2014, regarding custody of the child, shall remain in effect. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.