■ In the Matter of ANTONIO GARCIA LEMON II, Appellant, v GERRY FAISON, Respondent. (Proceeding No. 1.) In the Matter of GERRY ANN FAISON, Respondent, v ANTONIO GARCIA LEMON II, Appellant. (Proceeding No. 2.) [56 NYS3d 131]—

Appeal by the father from an order of the Family Court, Dutchess County (Joan S. Posner, J.), entered June 29, 2016. The order denied the father's motion to vacate two orders and an order of protection of that court, all dated March 1, 2016, which, upon his failure to appear at a scheduled court date, respectively, (1) dismissed his visitation petition, (2) granted the mother's petition for sole custody of the subject child, and (3) directed him, inter alia, to stay away from the mother and the subject child until and including September 23, 2026.

Ordered that the order entered June 29, 2016, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's motion to vacate the two orders and the order of protection, all dated March 1, 2016, is granted, the father's visitation petition is reinstated, and the matters are remitted to the Family Court, Dutchess County, for a hearing and new determinations thereafter of the father's visitation petition and the mother's custody petition, before a different Judge.

The father and the mother have one child in common. In August 2015, the father was released from prison after serving approximately 6½ years. At that time, the father had not seen the child, then seven years old, since the child was an infant. While the father was incarcerated, he spoke with the child by telephone in calls arranged by the mother. After he was released from prison, the father had unsupervised visits with the child, but the frequency of such visits varied depending on the mother's wishes.

In November 2015, the father filed a petition seeking visitation with the child. Approximately two weeks later, on December 14, 2015, the mother filed a family offense petition

seeking an order of protection against the father on behalf of herself and the child, alleging, inter alia, that the father's girlfriend, while driving with the father and the child in her vehicle, almost hit the mother with her vehicle. As a result, an ex parte temporary order of protection was issued against the father, awarding the mother temporary custody of the child and precluding the father from having contact with the child except for supervised visitation. Thereafter, the temporary order of protection was amended to reflect that the supervised visits by the father with the child would be administered by a supervised visitation program. At a proceeding before the Family Court in January 2016, after certain representations were made by the attorney for the child regarding the child's views about the father, the court issued a second amended temporary order of protection directing the father to have no contact with the child pending further order of the court. The court also indicated that it would not decide the oral motion by counsel for the father to dismiss the family offense petition at that time. Nonetheless, at the direction of the court, the mother eventually withdrew her family offense petition and filed a petition for sole custody of the child instead. At the next court proceeding, the court again denied the father any visitation with the child, issued a temporary order of protection in the mother's custody proceeding that contained the same terms as the prior temporary order of protection, and adjourned the matters to March 1, 2016.

On March 1, 2016, the father failed to appear, and the Family Court concluded that he had defaulted. On that date the court issued an order dismissing the father's visitation petition, an order granting the mother's petition for sole custody of the child, and a final order of protection in the mother's custody proceeding directing the father, inter alia, to stay away from the mother and the child until and including September 23, 2026, and to have no contact with the child until further order of the court (hereinafter the March 2016 orders).

Thereafter, the father moved to vacate the March 2016 orders, contending that he had failed to appear on March 1, 2016, because he had been arrested and was being arraigned in criminal court at the time of the Family Court proceeding. In an order entered June 29, 2016, the Family Court denied the father's motion to vacate the March 2016 orders. The father appeals.

A party seeking to vacate a default must establish a reasonable excuse for the default, as well as a potentially meritorious claim or defense (see *Matter of Brice v Lee*, 134 AD3d 1106,

1107 [2015]; *Goldenberg v Goldenberg*, 123 AD3d 761, 762 [2014]). In custody proceedings pursuant to Family Court Act article 6, this Court has adopted a liberal policy in favor of vacating defaults (*see Matter of Brice v Lee*, 134 AD3d at 1107; *Matter of Cummings v Rosoff*, 101 AD3d 713, 714 [2012]; *Matter of Johnson v Lee*, 89 AD3d 733, 733 [2011]; *Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009]; *Matter of Tauber v Tauber*, 152 AD2d 674 [1989]). Under the circumstances presented here, and in light of the policy favoring resolution on the merits in child custody proceedings, the father demonstrated a reasonable excuse for his failure to appear on March 1, 2016 (*see Matter of Brice v Lee*, 134 AD3d at 1107; *see e.g. Gironda v Katzen*, 19 AD3d 644, 645 [2005]). The father's absence was not willful. Notably, the father had never missed any prior scheduled Family Court appearances and had been compliant with all of the court's directives. Moreover, there was no indication that a final determination of the petitions pending before the court would occur on the March 1, 2016, date. Finally, the father filed his motion to vacate within two months of the default. Under the totality of these circumstances, the court improvidently exercised its discretion in denying the father's motion to vacate the March 2016 orders on the ground that his excuse for his absence was not reasonable (*see Matter of Brice v Lee*, 134 AD3d at 1106-1107; *Matter of Cummings v Rosoff*, 101 AD3d at 714; *Matter of Johnson v Lee*, 89 AD3d at 733-734; *Matter of Lee v Morgan*, 67 AD3d at 682).

With respect to the issue of meritorious claims or defenses, as an initial matter, we note that the Family Court issued the March 2016 orders—an order of custody, an order of protection directing the father to have no contact with the child until further court order or until the child turns 18 years of age, and an order dismissing the father's visitation petition—without admission of any reliable or competent evidence and without holding any type of fact-finding hearing whatsoever. Custody determinations generally should be made on their merits after a full and plenary hearing, or the court "opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (*S.L. v J.R.*, 27 NY3d 558, 564 [2016]). Here, the court neither held a hearing nor articulated the factors and evidence material to its determination.

Moreover, under the circumstances of this case, and in light of the policy favoring resolutions on the merits in child custody proceedings, the father proffered a potentially meritorious defense to the mother's custody petition and her request for an order of protection.

With respect to the father's visitation petition, significantly, a noncustodial parent "should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child" (*Paul G. v Donna G.*, 175 AD2d 236, 237 [1991]; *see Matter of Vanderhoff v Vanderhoff*, 207 AD2d 494, 494-495 [1994]; *Matter of Hughes v Wiegman*, 150 AD2d 449, 449 [1989]). At the time the father filed his petition, he had completed a parenting program and had unsupervised visits with the child upon his release from prison in August 2015 until December 2015, when the mother filed the family offense petition. The father established that he had a potentially meritorious claim with respect to his visitation petition (*see e.g. Goldenberg v Goldenberg*, 123 AD3d at 762). Thus, the father's visitation petition should be reinstated and the matter remitted for a determination as to whether visitation with the father is in the child's best interests (*see e.g. Matter of Bell v Mays*, 127 AD3d 1179, 1180 [2015]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 474 [2004]).

Accordingly, the Family Court should have granted the father's motion to vacate the March 2016 orders, and we remit the matters to the Family Court, Dutchess County, for a hearing and new determinations thereafter of the father's visitation petition and the mother's custody petition. The record demonstrates that at certain points during the proceedings, the Family Court Judge acted as an advocate for the mother. Under the circumstances, we deem it appropriate to remit the matter to a different Judge. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.