Matter of Timothy R. v Laverne S.G. (2019 NY Slip Op 03598)





Matter of Timothy R. v Laverne S.G.


2019 NY Slip Op 03598


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-11761
2017-11766
 (Docket No. F-4942-08/15N)

[*1]In the Matter of Timothy R. (Anonymous), appellant,
v
Laverne S.G. (Anonymous), respondent.


Diana Lozada Ruiz, Mineola, NY, for appellant.
Jan Murphy, Huntington, NY, for respondent.
Ralph R. Carrieri, Mineola, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from (1) an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated June 27, 2017, and (2) an order of the same court dated September 14, 2017. The order dated June 27, 2017, granted the respondent's motion to vacate a prior order of the same court dated May 19, 2017, which, upon her failure to appear at a hearing, directed genetic marker testing. The order dated September 14, 2017, after a hearing, dismissed the petition to vacate the petitioner's acknowledgment of paternity.
ORDERED that on the Court's own motion, the notice of appeal from the order dated June 27, 2017, is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the orders are affirmed, without costs and disbursements.
In September 2015, the petitioner filed a petition seeking to vacate an acknowledgment of paternity he signed in January 2001. A hearing on the petition was scheduled for May 19, 2017, to determine whether there was fraud, duress, or material mistake of fact in the execution of the acknowledgment of paternity. The respondent failed to appear at the hearing and the Family Court issued an order dated May 19, 2017, directing genetic marker testing. Thereafter, the respondent moved to vacate the order dated May 19, 2017, contending that she encountered transit problems that caused her to arrive at the courthouse approximately one hour late. By order dated June 27, 2017, the court granted the respondent's motion. Thereafter, a hearing was held and by order dated September 14, 2017, the court dismissed the petition, finding that the petitioner failed to meet his prima facie burden of proof. The petitioner appeals from the orders dated June 27, 2017, and September 14, 2017, respectively.
We agree with the Family Court's determination granting the respondent's motion to vacate the default. "A party seeking to vacate a default must establish a reasonable excuse for the default, as well as a potentially meritorious claim or defense" (Matter of Lemon v Faison, 150 AD3d 1003, 1004; see Matter of Brice v Lee, 134 AD3d 1106, 1107). Here, the respondent demonstrated [*2]a reasonable excuse for her failure to appear. She was traveling by train from New Jersey and encountered delays that caused her to arrive slightly more than one hour late for the scheduled hearing. In addition, the respondent had appeared at a majority of the prior court appearances (see Matter of Lemon v Faison, 150 AD3d at 1005). Furthermore, the respondent demonstrated the existence of a potentially meritorious defense to the petition (see Matter of Lemon v Faison, 150 AD3d at 1005).
We also agree with the Family Court's determination to dismiss the petition to vacate the acknowledgment of paternity. Generally, a party seeking to vacate an acknowledgment of paternity more than 60 days after it was executed must establish that it was signed by reason of fraud, duress, or material mistake of fact (see Family Ct Act § 516-a[b][iv]; Matter of Matthew D. v Lisa D., 167 AD3d 737). Here, the court's determination, made after a hearing, that the petitioner failed to meet his prima facie burden of proof that the acknowledgment of paternity was signed by reason of fraud, duress, or material mistake of fact is supported by the record (see Matter of Matthew D. v Lisa D., 167 AD3d 737; Matter of Andrew E. v Angela N.S., 165 AD3d 658).
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court