Matter of Williams v Worthington (2021 NY Slip Op 03040)





Matter of Williams v Worthington


2021 NY Slip Op 03040


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2020-01372
 (Docket No. V-6797-19)

[*1]In the Matter of Antwan L. Williams, respondent,
v
Tashara Michelle Worthington, appellant.


Abbe Shapiro, Mount Sinai, NY, for appellant.
Heather A. Fig, Bayport, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated January 14, 2020. The order denied the mother's motion to vacate an order of the same court dated September 27, 2019, granting the father's petition for sole legal and physical custody of the subject child upon the mother's failure to appear for a scheduled court date.
ORDERED that the order dated January 14, 2020, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's motion to vacate the order dated September 27, 2019, is granted, and the matter is remitted to the Family Court, Suffolk County, for further proceedings on the petitions to be held with all convenient speed; and it is further,
ORDERED that, in the interim, and until further order of the Family Court, Suffolk County, the provisions of the order dated September 27, 2019, shall remain in effect.
The father and the mother, who were never married, have one child in common, born in February 2008. The parties resided together with the child until 2010, when the mother and the child moved to a different residence. In 2019, both parents filed petitions seeking sole legal and physical custody of the child. Upon the mother's failure to appear for a scheduled court date, the Family Court conducted an inquest in the mother's absence and thereafter, entered an order dated September 27, 2019, granting the father's petition for sole legal and physical custody of the child. The mother subsequently moved to vacate that order. In an order dated January 14, 2020, the court denied the mother's motion, and the mother appeals.
The determination of whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court (see Matter of Brice v Lee, 134 AD3d 1106, 1107; Matter of Strickland v Lewis, 110 AD3d 907, 907; Matter of Petulla v Petulla, 85 AD3d 925, 925). "A party seeking to vacate an order entered upon his or her default is required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense" (Matter of Lorraine D. v Widmack C., 79 AD3d 745, 745; see Matter of Brice v Lee, 134 AD3d at 1107; Matter of Strickland v Lewis, 110 AD3d at 907; Matter of Petulla [*2]v Petulla, 85 AD3d at 925). However, "the law favors resolution on the merits in child custody proceedings," and thus the "general rule with respect to opening defaults in civil actions is not to be rigorously applied to cases involving child custody" (Matter of Johnson v Lee, 89 AD3d 733, 733 [internal quotation marks omitted]; see Matter of Brice v Lee, 134 AD3d at 1107; Matter of Cummings v Rosoff, 101 AD3d 713, 714; Matter of Lee v Morgan, 67 AD3d 681, 682).
Under the circumstances presented here, and in light of the policy favoring resolutions on the merits in child custody proceedings, the Family Court improvidently exercised its discretion in denying the mother's motion to vacate the order dated September 27, 2014, entered upon her failure to appear (see Matter of Brice v Lee, 134 AD3d at 1107; Matter of Cummings v Rosoff, 101 AD3d at 714; Matter of Johnson v Lee, 89 AD3d at 733; Matter of Lee v Morgan, 67 AD3d at 682). Accordingly, we reverse the order dated January 14, 2020, grant the mother's motion to vacate the order dated September 27, 2019, and remit the matter to the Family Court, Suffolk County, for further proceedings on the petitions. In the interim, and until further order of the Family Court, Suffolk County, the provisions of the order dated September 27, 2019, regarding custody of the child, shall remain in effect.
MASTRO, A.P.J., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court