Matter of Hogan v Smith (2022 NY Slip Op 03894)

Matter of Hogan v Smith

2022 NY Slip Op 03894

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-05856
 (Docket Nos. V-3704-18/21J, V-3705-18/21J)

[*1]In the Matter of Ashley J. Hogan, appellant,
v
Luther C. Smith, respondent.

Carol L. Kahn, New York, NY, for appellant.
Kelley M. Enderley, Poughkeepsie, NY, for respondent.
Donna M. Genovese, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated June 30, 2021. The order denied the mother's motion to vacate a final order of custody and visitation of the same court dated May 6, 2021, which, inter alia, upon the mother's failure to appear, modified an order of custody and visitation of the same court dated October 6, 2020, so as to award the father sole custody of the subject children with certain parental access to the mother.
ORDERED that the order dated June 30, 2021, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the mother's motion to vacate the final order of custody and visitation dated May 6, 2021, is granted, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith to be held with all convenient speed.
The father and the mother have two children in common. In an order of custody and visitation dated October 6, 2020, entered upon consent, the parties were awarded joint physical and legal custody of the children with parental access for each parent on alternating weeks. In March 2021, the father filed a petition to modify the order of custody and visitation dated October 6, 2020, seeking, inter alia, final decision-making authority regarding the children's education. A virtual appearance was held on March 23, 2021, at which the Family Court, noting the "history" of the case, directed that the parties be present in court on May 6, 2021, for "an in-person appearance." The mother failed to appear on May 6, 2021. On that date, the father, among other things, made an oral application to amend his petition to also seek sole custody of the children and modification of the parental access provisions of the order of custody and visitation dated October 6, 2020. In a final order of custody and visitation dated May 6, 2021, entered upon the mother's failure to appear, the court, inter alia, awarded the father sole custody of the children with certain parental access to the mother. Thereafter, by notice of motion dated May 24, 2021, the mother moved to vacate the final order of custody and visitation dated May 6, 2021. In an order dated June 30, 2021, the court denied the mother's motion. The mother appeals.
As a threshold matter, the father's contention that the appeal should be dismissed as academic due to a subsequent order is precluded by the doctrine of the law of the case since, in a decision and order on motion of this Court dated February 14, 2022, we denied that branch of the motion of the attorney for the child which was to dismiss the appeal on that ground (see Matter of Courtney C., 114 AD3d 938, 939; Matter of Destinee Rose R.-Mc. [Francine R.], 78 AD3d 1061, 1061).
Although the determination of whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court (see Matter of Brice v Lee, 134 AD3d 1106, 1107; Matter of Strickland v Lewis, 110 AD3d 907, 907; Matter of Petulla v Petulla, 85 AD3d 925, 925), "the law favors resolution on the merits in child custody proceedings" (Matter of Johnson v Lee, 89 AD3d 733, 733). Thus, the "general rule with respect to opening defaults in civil actions is not to be rigorously applied to cases involving child custody" (id. at 733 [internal quotation marks omitted]; see Matter of Brice v Lee, 134 AD3d at 1107; Matter of Cummings v Rosoff, 101 AD3d 713, 714; Matter of Lee v Morgan, 67 AD3d 681, 682).
Moreover, modification of an existing order of custody and parental access may be made only "'upon a showing that there has been a subsequent change [in] circumstances such that modification is required to protect the best interests of the child'" (Matter of Paige v Paige, 202 AD3d 794, 795, quoting Matter of Georgiou-Ely v Ely, 181 AD3d 885, 885; see Matter of Sims v Boykin, 130 AD3d 835, 836). "A custody determination, whether made upon the default of a party or not, must always have a sound and substantial basis in the record" (Matter of Sims v Boykin, 130 AD3d at 836).
Here, upon the conclusion of the proceedings on May 6, 2021, the Family Court, inter alia, granted the father's oral application and modified the order of custody and visitation dated October 6, 2020, so as to grant the father relief which far exceeded that requested in his petition, without first receiving any testimony or other admissible evidence in the matter upon which it could determine whether modification was required to protect the best interests of the children. Under these circumstances, and in light of the policy favoring resolutions on the merits in child custody proceedings, the court improvidently exercised its discretion in denying the mother's motion to vacate the final order of custody and visitation dated May 6, 2021 (see Matter of Williams v Worthington, 194 AD3d 825, 826; Genzone v Genzone, 146 AD3d 752, 753; Matter of Brice v Lee, 134 AD3d at 1107; Matter of Cummings v Rosoff, 101 AD3d at 714; Matter of Johnson v Lee, 89 AD3d at 733). Accordingly, we reverse the order dated June 30, 2021, grant the mother's motion to vacate the final order of custody and visitation dated May 6, 2021, and remit the matter to the Family Court, Dutchess County, for further proceedings on the father's petition.
The mother's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court