Matter of Orobona v Cunningham (2023 NY Slip Op 04594)

Matter of Orobona v Cunningham

2023 NY Slip Op 04594

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-04523
 (Docket No. V-8040-15)

[*1]In the Matter of Katherine A. Orobona, respondent,
v
Thomas M. Cunningham, appellant.

J. Douglas Barics, Commack, NY, for appellant.
Brian J. Davis, P.C., Garden City, NY, for respondent.
Amy L. Colvin, Huntington, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Eileen Daly-Sapraicone, J.), dated May 9, 2022. The order denied the father's motion to vacate an order of custody and parental access of the same court dated March 16, 2022, which, inter alia, upon the father's failure to appear, modified an order of custody and parental access of the same court dated May 10, 2018, so as to award the mother sole legal and physical custody of the parties' child with parental access to the father to be agreed upon by the parties.
ORDERED that the order dated May 9, 2022, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the father's motion to vacate the order of custody and parental access dated March 16, 2022, is granted, in the interim and until further order of the Family Court, the provisions of the order of custody and parental access dated March 16, 2022, as subsequently amended, shall remain in effect, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith to be held with all convenient speed.
The father and the mother have one child in common. In an order of custody and parental access dated May 10, 2018, entered upon consent, the parties were awarded joint legal custody of the child with physical custody awarded to the mother and parental access to the father. In January 2022, the mother petitioned to modify the order of custody and parental access dated May 10, 2018, so as to award her sole legal and physical custody of the child. A virtual appearance was held on February 23, 2022, at which the Family Court granted the father an adjournment to obtain counsel and directed that the parties be present on March 16, 2022, for a virtual appearance. The father failed to appear on March 16, 2022. In an order of custody and parental access dated March 16, 2022, entered upon the father's failure to appear, the court awarded the mother sole legal and physical custody of the child with parental access to the father to be agreed upon by the parties.
Thereafter, by notice of motion dated March 18, 2022, the father moved to vacate the [*2]order of custody and parental access dated March 16, 2022. In an order dated May 9, 2022, the Family Court denied the father's motion. The father appeals.
Although the determination of whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court (see Matter of Brice v Lee, 134 AD3d 1106, 1107; Matter of Strickland v Lewis, 110 AD3d 907, 907), "the law favors resolution on the merits in child custody proceedings" (Matter of Johnson v Lee, 89 AD3d 733, 733; see Matter of Hogan v Smith, 206 AD3d 808, 810). Thus, the "general rule with respect to opening defaults in civil actions is not to be rigorously applied to cases involving child custody" (Matter of Johnson v Lee, 89 AD3d at 733 [internal quotation marks omitted]; see Matter of Brice v Lee, 134 AD3d at 1107).
Under the circumstances presented here, including the brief period between the father's default and his motion to vacate his default, and in light of the policy favoring resolutions on the merits in child custody proceedings, the Family Court improvidently exercised its discretion in denying the father's motion to vacate the order of custody and parental access dated March 16, 2022, entered upon his failure to appear (see Matter of Williams v Worthington, 194 AD3d 825, 826; Matter of Brice v Lee, 134 AD3d at 1107; Matter of Cummings v Rosoff, 101 AD3d 713, 714). Accordingly, we reverse the order dated May 9, 2022, grant the father's motion to vacate the order of custody and parental access dated March 16, 2022, and remit the matter to the Family Court, Nassau County, for further proceedings on the petition, and, if necessary, a hearing based upon an evidentiary showing of a change in circumstances demonstrating a need for a change of custody and/or parental access in order to ensure the child's best interests, which would include a determination of whether joint legal custody is feasible, considering the relationship between the parties (see Filippi v Filippi, 118 AD3d 939). While the general right to a hearing in custody and parental access cases is not absolute, where facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required (see Mattter of Soumare v White, 214 AD3d 992).
In the interim, and until further order of the Family Court, Nassau County, the current status quo should be maintained, and the provisions of the order of custody and parental access dated March 16, 2022, and any subsequent amendments thereto, shall remain in effect.
The father's remaining contention need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court