Matter of Meehan v Kittle (2024 NY Slip Op 03754)

Matter of Meehan v Kittle

2024 NY Slip Op 03754

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-12081
 (Docket No. V-810-23)

[*1]In the Matter of Brittany A. Meehan, respondent,
v
Christopher James Kittle, appellant.

Ilene K. Graff, New City, NY, for appellant.
John R. Lewis, Sleepy Hollow, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated October 16, 2023. The order denied the father's motion to vacate (1) an order of the same court dated June 2, 2023, which awarded the mother sole legal and physical custody of the parties' child and directed that the father have no contact with the child until further order of the court, and (2) an order of protection of the same court dated June 2, 2023, which directed the father, inter alia, to stay away from the mother and the child until and including June 2, 2024, both of which were entered upon the father's default.
ORDERED that the appeal from so much of the order dated October 16, 2023, as denied that branch of the father's motion which was to vacate the order of protection is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated October 16, 2023, is reversed insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements, that branch of the father's motion which was to vacate the order dated June 2, 2023, is granted, and the matter is remitted to the Family Court, Rockland County, for further proceedings in accordance herewith to be held with all convenient speed, before a different Judge; and it is further,
ORDERED that in the interim and until further order of the Family Court, Rockland County, the provision of the order dated June 2, 2023, awarding the mother sole legal and physical custody of the child shall remain in effect.
The mother and the father have one child together. In March 2023, the mother filed a petition for sole legal and physical custody of the child. In April 2023, the father filed a petition for joint custody of the child. Following a disruptive outburst by the father during an appearance on June 2, 2023, the Family Court directed the father to leave the courtroom and concluded that he had defaulted. Without holding any type of fact-finding hearing, in an order dated June 2, 2023 (hereinafter the order of custody), issued in the mother's custody proceeding, the court, upon the father's default, awarded the mother sole legal and physical custody of the child and directed that the father have no contact with the child until further order of the court. The court also issued an order of protection dated June 2, 2023, upon the father's default, directing him, inter alia, to stay [*2]away from the mother and the child until and including June 2, 2024.
Thereafter, the father moved to vacate the order of custody and the order of protection. In an order dated October 16, 2023, the Family Court denied the father's motion. The father appeals.
Initially, the appeal from so much of the order dated October 16, 2023, as denied that branch of the father's motion which was to vacate the order of protection must be dismissed as academic. The order of protection was issued based on the father's default and not upon a finding that he committed a family offense, and has since expired by its own terms (see Matter of Wiley v Wiley, 226 AD3d 1035, 1036).
"Although the determination of whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court, the law favors resolution on the merits in child custody proceedings" (Matter of Trammell v Gorham, 218 AD3d 780, 781 [internal quotation marks omitted]; see Matter of Orobona v Cunningham, 219 AD3d 1337, 1338; Matter of Lemon v Faison, 150 AD3d 1003, 1004). In addition, the court's authority to proceed by default "'in no way diminishes the court's primary responsibility to ensure that an award of custody is predicated on the child's best interests, upon consideration of the totality of the circumstances, after a full and comprehensive hearing and a careful analysis of all relevant factors'" (Matter of Trammell v Gorham, 218 AD3d at 781, quoting Matter of Sims v Boykin, 130 AD3d 835, 835-836; see Matter of Lemon v Faison, 150 AD3d at 1005).
Under the circumstances presented here, the Family Court improvidently exercised its discretion in denying that branch of the father's motion which was to vacate the order of custody entered upon his default (see Matter of Orobona v Cunningham, 219 AD3d at 1338; Matter of Lemon v Faison, 150 AD3d at 1004). Accordingly, we reverse so much of the order dated October 16, 2023, as denied that branch of the father's motion and remit the matter to the Family Court, Rockland County, for a hearing on the mother's petition. Moreover, given the nature and tenor of certain statements made by the Family Court Judge on the record during the June 2, 2023 appearance, we deem it appropriate to remit the matter to a different Judge.
In the interim and until further order of the Family Court, Rockland County, the provision of the order of custody awarding the mother sole legal and physical custody of the child shall remain in effect.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court