Matter of Paez v Bambauer (2024 NY Slip Op 04205)

Matter of Paez v Bambauer

2024 NY Slip Op 04205

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-08179
 (Docket Nos. V-2882-14/23P, O-3421-22/23C)

[*1]In the Matter of Glenda Paez, appellant,
v
John Peter Bambauer, respondent. (Proceeding No. 1)
In the Matter of John Peter Bambauer, respondent,
v
Glenda Paez, appellant. (Proceeding No. 2)

Ilene K. Graff, New City, NY, for appellant.
John Peter Bambauer, Nanuet, NY, respondent pro se.
Nicole DiGiacomo, New City, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated July 28, 2023. The order denied the mother's motion to vacate (1) an order of the same court dated June 12, 2023, entered upon the mother's failure to appear at a scheduled court date, which granted the father's petition, in effect, to modify a prior order of the same court (Keith J. Cornell, J.) dated October 20, 2021, so as to award him sole custody of the parties' child, with parental access to the mother, and awarded the father sole custody of the child, with supervised parental access to the mother, and (2) two orders of the same court (Rachel E. Tanguay, J.), both dated June 13, 2023, entered upon the mother's failure to appear at a scheduled court date, which dismissed the mother's family offense petition, in effect, dismissed the mother's petition alleging that the father violated a temporary order of protection, and dismissed the mother's petition to modify the order dated October 20, 2021, so as to award the father supervised parental access with the child.
ORDERED that the order dated July 28, 2023, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the mother's motion to vacate the order dated June 12, 2023, and the two orders dated June 13, 2023, is granted, the mother's petitions are reinstated, and the matter is remitted to the Family Court, Rockland County, for a hearing on the parties' petitions, to be conducted with all deliberate speed, and a new determination thereafter; and it is further,
ORDERED that pending the hearing and new determination of the mother's petition to modify the order dated October 20, 2021, and the father's petition, in effect, to modify the order dated October 20, 2021, the provisions of the order dated June 12, 2023, regarding custody and parental access shall remain in effect.
The father and the mother have one child in common, born in June 2014. In November 2015, the Family Court awarded the mother sole legal and physical custody of the child, with parental access to the father. In an order dated October 20, 2021 (hereinafter the 2021 order), the court modified the parental access schedule. In December 2022, the mother filed a family offense petition, seeking an order of protection against the father and in favor of herself and the child. The court issued a temporary order of protection in favor of the child and against the father. In January 2023, the mother filed a petition against the father, alleging that the father had violated the temporary order of protection. The mother also filed a petition to modify the 2021 order so as to award the father supervised parental access with the child. In March 2023, the father filed a petition, in effect, to modify the 2021 order so as to award him sole custody of the child, with parental access to the mother.
Thereafter, upon the mother's failure to appear for a scheduled court date, the Family Court entered an order dated June 12, 2023, granting the father's petition, in effect, to modify the 2021 order and awarding him sole custody of the child, with supervised parental access to the mother. In two orders dated June 13, 2023, also entered upon the mother's failure to appear for the scheduled court date, the court dismissed the mother's family offense petition, in effect, dismissed the mother's violation petition, and dismissed the mother's petition to modify the 2021 order. The mother subsequently moved to vacate the order dated June 12, 2023, and the two orders dated June 13, 2023. In an order dated July 28, 2023, the court denied the mother's motion, and the mother appeals.
Although the determination of whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court (see Matter of Brice v Lee, 134 AD3d 1106, 1107; Matter of Strickland v Lewis, 110 AD3d 907, 907-908; Matter of Petulla v Petulla, 85 AD3d 925, 926), "the law favors resolution on the merits in child custody proceedings" (Matter of Johnson v Lee, 89 AD3d 733, 733). "Thus, the 'general rule with respect to opening defaults in civil actions is not to be rigorously applied to cases involving child custody'" (Matter of Hogan v Smith, 206 AD3d 808, 810, quoting Matter of Johnson v Lee, 89 AD3d at 733; see Matter of Brice v Lee, 134 AD3d at 1107; Matter of Cummings v Rosoff, 101 AD3d 713, 714; Matter of Lee v Morgan, 67 AD3d 681, 682).
Moreover, modification of an existing order of custody and parental access may be made only "'upon a showing that there has been a subsequent change [in] circumstances such that modification is required to protect the best interests of the child'" (Matter of Paige v Paige, 202 AD3d 794, 795, quoting Matter of Georgiou-Ely v Ely, 181 AD3d 885, 885; see Matter of Sims v Boykin, 130 AD3d 835, 836). "'A custody determination, whether made upon the default of a party or not, must always have a sound and substantial basis in the record'" (Matter of Trammell v Gorham, 218 AD3d 780, 781, quoting Matter of Sims v Boykin, 130 AD3d at 836). "Generally, the court's determination should be made only after a full and plenary hearing and inquiry, or, where a party failed to appear, after an inquest" (Matter of Otero v Walker, 221 AD3d 714, 715 [citations and internal quotation marks omitted]).
Here, under the circumstances presented, and in light of the policy favoring resolutions on the merits in child custody proceedings, the Family Court improvidently exercised its discretion in denying the mother's motion to vacate the order dated June 12, 2023, and the two orders dated June 13, 2023, entered upon her failure to appear at the scheduled court date (see Matter of Williams v Worthington, 194 AD3d 825, 826; Matter of Abel A. v Imanda M., 167 AD3d 528, 528-529; Matter of Brice v Lee, 134 AD3d at 1107; Matter of Sims v Boykin, 130 AD3d at 836; Matter of Cummings v Rosoff, 101 AD3d at 714). Accordingly, we reverse the order dated July 28, 2023, grant the mother's motion to vacate the order dated June 12, 2023, and the two orders dated June 13, 2023, reinstate the mother's petitions, and remit the matter to the Family Court, Rockland County, for further proceedings on the parties' petitions.
The parties' remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court