Matter of Figaro v White
2026 NY Slip Op 03798
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Salome Alexis Figaro, respondent,
v
Malik Isaiah White, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-00664, 2025-00665, (Docket No. V-3-21)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Lisa S. Ottley, JJ.

Heath J. Goldstein, Jamaica, NY, for appellant.
Richard Cardinale, Brooklyn, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from (1) an order of the Supreme Court, Kings County (IDV Part) (Sharon Bourne-Clarke, J.), dated December 10, 2024, and (2) a corrected order of the same court also dated December 10, 2024. The order granted the father's motion pursuant to CPLR 5019(a) to correct a ministerial error in a prior temporary order of custody and visitation of the same court (Esther Morgenstern, J.) dated August 15, 2022, by deleting the provision thereof denying the father's motion to vacate (1) an order of the same court (Esther Morgenstern, J.) dated March 23, 2022, granting the mother's petition for sole legal and physical custody of the subject child and suspending all parenting time between the subject child and the father, and (2) an order of protection of the same court (Esther Morgenstern, J.) also dated March 23, 2022, directing the father, inter alia, to stay away from the mother and the subject child until and including March 22, 2024. The corrected order denied the father's motion to vacate the order dated March 23, 2022, and the order of protection.
ORDERED that the appeal from the order dated December 10, 2024, is dismissed, without costs or disbursements, as the appellant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 157); and it is further,
ORDERED that the corrected order is reversed, on the law, without costs or disbursements, the father's motion to vacate the order dated March 23, 2022, and the order of protection is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing and new determination thereafter of the mother's custody and family offense petitions.
The parties, who are married but reside separately, are the parents of one child, born in 2013. In January 2021, the mother commenced a proceeding against the father for sole legal and physical custody of the child, as well as a family offense proceeding. On March 23, 2022, the Supreme Court determined that the father defaulted by exiting the courtroom and issued an order granting the mother's petition for sole legal and physical custody of the child and suspending all parenting time between the father and the child (hereinafter the custody order). The court also found that the father committed the family offenses of harassment in the second degree, criminal mischief, [*2]and attempted assault and issued a final order of protection, directing the father, inter alia, to stay away from the mother and the child until and including March 22, 2024 (hereinafter the order of protection).
In June 2022, the father moved to vacate the custody order and the order of protection. In a temporary order of custody and visitation dated August 15, 2022, the Supreme Court, among other things, denied the father's motion.
Subsequently, in an order dated December 10, 2024, the Supreme Court granted the father's motion pursuant to CPLR 5019(a) to correct a ministerial error in the temporary order of custody and visitation by deleting the provision thereof denying the father's motion to vacate the custody order and the order of protection. In a corrected order also dated December 10, 2024, the court denied the father's motion to vacate the custody order and the order of protection. The father appeals.
"A successful party who has obtained the full relief sought is not aggrieved, and therefore has no grounds for appeal" (T.D. v New York State Off. of Mental Health, 91 NY2d 860, 862; see CPLR 5511; Parochial Bus Sys., Inc. v Bd. of Educ. of City of New York, 60 NY2d 539, 546). The father is not aggrieved by the order dated December 10, 2024, because it granted the father the complete relief sought in his motion pursuant to CPLR 5019(a). Accordingly, the father's appeal from that order must be dismissed (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 157).
As the father correctly contends, although the order of protection expired by its own terms on March 22, 2024, this appeal has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the father committed the subject family offenses (see Matter of Samida v Samida, 116 AD3d 779, 780; Matter of Saldivar v Cabrera, 109 AD3d 831, 831; Matter of Hohn v Guirand, 97 AD3d 578, 578).
"A party seeking to vacate a default must establish a reasonable excuse for the default, as well as a potentially meritorious claim or defense" (Matter of Lemon v Faison, 150 AD3d 1003, 1004; see CPLR 5015[a][1]; Matter of Cheung v Kinsey, 234 AD3d 958, 960). "The determination of whether to relieve a party of an order entered upon that party's default is within the [trial court's] sound discretion" (Matter of Cheung v Kinsey, 234 AD3d at 960 [internal quotation marks omitted]; see Matter of Dublin v Morris, 224 AD3d 901, 901; Matter of McCall v Gonzalez, 207 AD3d 548, 549). "In custody proceedings pursuant to Family Court Act article 6, this Court has adopted a liberal policy in favor of vacating defaults" (Matter of Lemon v Faison, 150 AD3d at 1005; see Matter of Brice v Lee, 134 AD3d 1106, 1107).
Initially, the Supreme Court should not have issued the custody order or the order of protection upon the father's default (see Matter of Dos Santos v Dos Santos, 76 AD3d 1013, 1014; Matter of Bey v Perez, 39 AD3d 631, 632). The father appeared in court with his attorney on the date of his purported default, intending to fully participate in these proceedings, and the father's attorney remained present in the courtroom and attempted to participate in these proceedings after the father exited the courtroom.
In any event, even if the father had defaulted, the Supreme Court improvidently exercised its discretion in denying the father's motion to vacate the custody order and the order of protection. The father submitted an affidavit stating that he exited the courtroom because he believed that the matter had been adjourned (see Matter of Lee v Morgan, 67 AD3d 681, 682; Matter of Dellagatta v McGillicuddy, 31 AD3d 549, 550; Matter of Cohen v Seletsky, 142 AD2d 111, 117). The father showed no willfulness or intent to default (see Matter of Lemon v Faison, 150 AD3d at 1005; Matter of Gastaldi v Gastaldi, 125 AD3d 657, 658), and he had attended all prior scheduled court appearances. Moreover, there was no indication that a final determination of the petitions pending before the court would occur on the date of the father's purported default, and the father filed his motion to vacate within approximately three months of the purported default. Accordingly, the father demonstrated a reasonable excuse for his default (see Matter of Lemon v Faison, 150 AD3d at 1005; Matter of Gastaldi v Gastaldi, 125 AD3d at 658; Matter of Lee v Morgan, 67 AD3d [*3]at 682).
Moreover, under the circumstances of this case, and in light of the policy favoring resolutions on the merits in child custody proceedings, the father proffered a potentially meritorious defense to the mother's custody petition and family offense petition. The court's authority to proceed by default "in no way diminishes the court's primary responsibility to ensure that an award of custody is predicated on the child's best interests, upon consideration of the totality of the circumstances, after a full and comprehensive hearing and a careful analysis of all relevant factors" (Matter of Sims v Boykin, 130 AD3d 835, 835-836 [citation omitted]; see S.L. v J.R., 27 NY3d 558, 563; Matter of Riera v Ayabaca, 235 AD3d 643, 644-645). "While the general right to a hearing in custody and visitation cases is not absolute, where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d 1081, 1082, quoting S.L. v J.R., 27 NY3d at 564). Here, the Supreme Court made a custody determination without holding a full hearing and without making any specific findings of fact regarding the best interests of the child. Contrary to the mother's contention, the record does not demonstrate the absence of unresolved factual issues so as to render a hearing unnecessary (see Matter of S.L. v J.R., 27 NY3d at 564; Matter of Corcoran v Liebowitz, 204 AD3d 910, 912; Matter of Merchant v Caldwell, 198 AD3d 782, 784).
Accordingly, the Supreme Court should have granted the father's motion to vacate the custody order and the order of protection, and we remit the matter to the Supreme Court, Kings County, for a hearing and new determination thereafter of the mother's custody and family offense petitions.
CONNOLLY, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court