■ In the Matter of PATRICIA HOLMAN, Appellant, v BRIAN L. BEAULIEU, Respondent. (Proceeding Nos. 1 and 2.) In the Matter of BRIAN L. BEAULIEU, Respondent, v PATRICIA HOLMAN, Appellant. (Proceeding No. 3.) [954 NYS2d 471]—

In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals, as limited by her brief, from (1) stated portions of an order of the Family Court, Nassau County (Stack, J.H.O.), dated November 4, 2011, which, inter alia, after

a hearing, dismissed her family offense petition, and, in effect, denied her petition, among other things, for sole custody of the parties' child, and (2) stated portions of an order of the same court dated December 22, 2011, which, inter alia, awarded the father visitation with the child on three weekends per month and on certain holidays, and directed her to share in transporting the child to the father's home for visitation.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832). Here, the evidence at a hearing, which included inconsistent out-of-court statements by the subject child, and an absence of supporting evidence, did not satisfy that burden. Further, the determination of the Family Court, in effect, denying the mother's petition, inter alia, for sole custody of the subject child has a sound and substantial basis in the record (*see Matter of Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]). Contrary to the mother's contention, the Family Court had the authority to modify the father's visitation schedule upon consideration of his petition for sole custody (*see Matter of Albanese v Albanese*, 44 AD3d 1117 [2007]). On this issue, the Family Court possessed all relevant information necessary to make an informed determination in the best interest of the child (*see Matter of Cardona v Vantassel*, 96 AD3d 1052 [2012]; *Matter of McLean v Simpson*, 82 AD3d 1101 [2011]).

The mother's remaining contentions are without merit. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.