■ In the Matter of MATTHEW SIMS, Respondent, v TESHIA BOYKIN, Appellant. [13 NYS3d 514]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated December 8, 2014. The order denied the mother's motion, in effect, pursuant to CPLR 5015 to vacate a final order of custody of the same court dated November 10, 2014, which, after an inquest and upon the mother's failure to appear, granted the father's petition for custody of the subject child. By decision and order on motion dated December 29, 2014, this Court stayed enforcement of the final order of custody dated November 10, 2014, pending hearing and determination of the appeal from the order dated December 8, 2014.

Ordered that the order dated December 8, 2014, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the mother's motion to vacate the final order of custody dated November 10, 2014, is granted, and the matter is remitted to the Family Court, Kings County, for a new hearing on the father's petition for custody of the subject child, to be held with all convenient speed and in accordance herewith, and for a new determination of the petition thereafter; and it is further,

Ordered that pending the new determination of the father's petition, the father shall have temporary physical custody of the subject child and the mother shall have visitation with the subject child on alternate weekends from Friday at 6:00 p.m. until Sunday at 6:00 p.m.

Where, as here, a parent repeatedly fails to appear at scheduled hearings and to comply with the court's directives, the court has the authority to proceed by default (*see Matter of Zindle v Hernandez*, 26 AD3d 338 [2006]). This authority, however, in no way diminishes the court's primary responsibil-

ity to ensure that an award of custody is predicated on the child's best interests, upon consideration of the totality of the circumstances (*see Matter of Roldan v Nieves*, 51 AD3d 803, 805 [2008]), after a full and comprehensive hearing and a careful analysis of all relevant factors (*see Matter of Nalty v Kong*, 59 AD3d 723, 724 [2009]). A custody determination, whether made upon the default of a party or not, must always have a sound and substantial basis in the record.

Here, upon the mother's failure to appear at a hearing on the father's petition for custody of the subject child, the Family Court made a custody determination after a brief inquest at which the evidence was insufficient to make an informed best interests determination (*see id.*). Among other things, no specific findings of fact were made by the court, the attorney for the child was not afforded an opportunity to meet with her client before custody was decided, and the court failed to award the mother any visitation.

The parents in this case do not live in the same state, yet the record does not indicate whether the Family Court fully considered the impact of moving the child away from his mother, who has been the child's primary caregiver since birth, his siblings, and his maternal grandmother, to live with the father and paternal grandparents in Pennsylvania. While the strict application of the factors relevant to relocation petitions (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]) is not required in the context of an initial custody determination (*see Matter of Santano v Cezair*, 106 AD3d 1097, 1098 [2013]), the fact that the subject child would be required to relocate to Pennsylvania upon an award of final custody to the father should have been considered as one of many factors in determining what is in the child's best interests.

Moreover, the child has special medical needs, yet there is scant evidence in the record to show that this important factor was adequately considered. While the record indicates that the father's custody petition was prompted by a pending investigation of medical neglect against the mother, the record does not indicate what, if anything, transpired from that investigation, and whether the allegations of neglect against the mother were established. The record reveals neither whether the father is capable of providing an acceptable course of treatment for the child's special medical needs in light of all the surrounding circumstances, nor whether the mother has deprived the child of adequate medical care (*see Matter of Ariel P. [Lisa W.]*, 102 AD3d 795, 796 [2013]).

While the Family Court's concern that the mother is actively

seeking to alienate the child from the father is very serious and must be viewed as inconsistent with the best interests of the child (*see Zafran v Zafran*, 28 AD3d 753, 755 [2006]), this factor alone cannot justify the court's custody determination.

Under the circumstances presented, the mother's motion to vacate the final order of custody dated November 10, 2014, should have been granted in the interest of justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]) as the final custody order lacked a sound and substantial basis in the record. Accordingly, we remit the matter to the Family Court, Kings County, for a new hearing and determination of the father's petition for custody of the child, to be held with all convenient speed (*see Matter of Roldan v Nieves*, 51 AD3d 803 [2008]; *Matter of Nalty v Kong*, 59 AD3d 723 [2009]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.