Matter of Olea v Diaz (2021 NY Slip Op 02801)





Matter of Olea v Diaz


2021 NY Slip Op 02801


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-14015
 (Docket Nos. V-15001-17, V-17140-17)

[*1]In the Matter of Jesus Olea, respondent,
v
Stephanie Diaz, appellant. (Proceeding No. 1.)
In the Matter of Stephanie E. Diaz, appellant,
v
Jesus P. Olea, respondent. (Proceeding No. 2.)


Rhea G. Friedman, New York, NY, for appellant.
Janis A. Parazzelli, Floral Park, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein, Janet Neustaetter, and Christopher Imperioli of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Jennifer Mitek, Ct. Atty. Ref.), dated November 8, 2019. The order, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child, with parental access to the mother, and, in effect, denied the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed, without costs and disbursements.
The parties, who were never married, have one child together, born in 2012. In 2017, the mother and the father each filed a petition for sole legal and physical custody of the child. Following a hearing, the Family Court awarded the father sole legal and physical custody of the child, with parental access to the mother. The mother appeals.
In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Kreischer v Perry, 83 AD3d 841, 841). Among the factors to be considered are "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890).
Here, upon consideration of the relevant factors, including the fact that the child, who had been living a stable life with the father in New York for the past several years and expressed his [*2]desire to continue doing so, would have to relocate to Florida upon an award of custody to the mother (see Matter of Sims v Boykin, 130 AD3d 835, 836), the Family Court determined that the best interests of the child would be served by an award of custody to the father. Since the court's determination has a sound and substantial basis in the record, it will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 173).
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court