Matter of Langenau v Hargrove (2021 NY Slip Op 05338)





Matter of Langenau v Hargrove


2021 NY Slip Op 05338


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2020-04332
 (Docket Nos. O-4851-18, V-1068-12/19, V-1069-12/19)

[*1]In the Matter of Shawn R. Langenau, appellant,
v
Jillian A. Hargrove, respondent. (Proceeding Nos. 1, 2, and 3.)
In the Matter of Jillian Hargrove, respondent,
v
Shawn Langenau, appellant. (Proceeding No. 4.)


The Law Office of Kelley M. Enderley, P.C., Poughkeepsie, NY, for appellant.
Karen C. Palumbo, Beacon, NY, attorney for the children.



DECISION & ORDER
In related proceedings, inter alia, pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated March 16, 2020. The order, insofar as appealed from, after a hearing, in effect, denied the father's petition to modify an order of the same court dated December 10, 2014, so as to expand his parental access with the parties' children, and directed that the father undergo a complete sexual behavior/sex offender evaluation, as directed in the order dated December 10, 2014, or any evaluation properly conducted under the standard guidelines to assess whether the father's sexual behavior or ability to identify healthy sexual behaviors placed the children at risk of harm, and follow any and all recommendations, and, until he did so, continued the limitation of his parental access as set forth in the order dated December 10, 2014, and denied the father's petitions alleging a family offense and the mother's violation of prior orders.
ORDERED that the order dated March 16, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the divorced parents of two children, born in 2009 and 2011, respectively. On or about August 3, 2012, the parties entered into an agreement which resulted in an order of custody, inter alia, awarding them joint legal custody of the children and awarding the mother primary physical custody, subject to the father's parental access three out of four weekends and for a period of time each Wednesday. By order dated December 10, 2014, the Family Court, after a hearing, modified the order of custody so as to direct that the father undergo a sex offender evaluation through the Relapse Intervention for Sex Crimes (hereinafter RISC) program and follow any and all recommendations and, until he did so, limited his parental access with the children to day time parental access, up to six hours at a time, either in a public place or supervised by a person approved by the mother. This Court affirmed the order dated December 10, 2014, insofar as appealed from (see Matter of Hargrove v Langenau, 138 AD3d 846).
Thereafter, the father filed a petition to modify the order dated December 10, 2014, so as to expand his parental access with the children. The father also filed petitions alleging a family offense related to the mother being arrested for driving while intoxicated while the children were in the vehicle and alleging that the mother violated the parental access provisions of prior orders. After a hearing, the Family Court, inter alia, in effect, denied the father's petition to modify the order dated December 10, 2014, and directed that the father undergo a complete sexual behavior/sex offender evaluation through the RISC program, as previously directed, or any evaluation properly conducted under the standard guidelines to assess whether the father's sexual behavior or ability to identify healthy sexual behaviors placed the children at risk of harm, and follow any and all recommendations, and, until he did so, continued the limitation of his parental access with the children to day time parental access, up to six hours at a time, either in a public place or supervised by a person approved by the mother. The court also denied the father's family offense and violation petitions.
In order to modify an existing court-ordered custody or parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (see id. at 846; Whitehead v Whitehead, 122 AD3d 921, 921; Matter of Kortlang v Kortlang, 92 AD3d 785, 785). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89). Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Hargrove v Langenau, 138 AD3d at 847; Saldana v Lopresti, 133 AD3d 669, 670; Mack v Kass, 115 AD3d 748, 749).
Here, the Family Court's determination, in effect, that there had been no change in circumstances such that modification of the order dated December 10, 2014, was required to protect the best interests of the children, is supported by a sound and substantial basis in the record. Contrary to the father's contention, the record supports the court's determination that an independent evaluation conducted by a certain mental health professional was insufficient to assess the risk that the father's behavior might have on his children, and thus, that the father failed to set forth sufficient information to warrant a modification of his parental access.
The record also supports the Family Court's denial of the father's family offense petition (see Family Ct Act § 812) and his request for an order directing that the mother not engage in the use of alcohol while caring for the children and that the mother participate in a substance abuse evaluation, as well as the court's denial of the father's petition alleging the mother's violation of the parental access provisions of prior orders.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court