Matter of Devine v Dominguez (2022 NY Slip Op 06242)

Matter of Devine v Dominguez

2022 NY Slip Op 06242

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-07359
 (Docket Nos. V-4964-18, V-12470-18)

[*1]In the Matter of Sean Devine, respondent,
v
Carina Dominguez, appellant. (Proceeding No. 1.)
In the Matter of Carina Dominguez, appellant,
v
Sean Devine, respondent. (Proceeding No. 2.)

William Martin, White Plains, NY, for appellant.
Berkman Bottger Newman & Schein LLP, White Plains, NY (Ellen Werfel Martineau of counsel), for respondent.
Kathleen M. Hannon, Scarsdale, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), entered September 20, 2021. The order, insofar as appealed from, after a hearing, granted the father's amended petition for sole legal and physical custody of the parties' child, in effect, denied the mother's petition for sole legal and physical custody of the child, and directed that the mother's parental access be supervised.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of a child born in March 2017. In May 2018, the mother left the home and took the child to Arizona without the father's knowledge or consent. The father filed an amended petition seeking sole legal and physical custody of the child. In September 2018, the mother returned to New York pursuant to an order of the Family Court and the father was awarded temporary custody of the child. The mother then filed her own petition seeking sole legal and physical custody of the child. Initially, pursuant to an order, the mother's parental access was unsupervised, with a geographic restriction that such access was to take place in Westchester County. However, the mother's parental access was directed to be supervised after she violated the order of the court by bringing the child to Brooklyn and Manhattan. The child has lived with the father and his extended family in Westchester County since September 2018. The mother continues to live in Arizona and has traveled to New York for supervised parental access during the course of these proceedings. The court conducted a hearing on the parties' custody petitions. Thereafter, in an order entered September 20, 2021, the court granted the father's amended petition for sole legal and physical custody of the child, in effect, denied the mother's petition for sole legal and physical custody of the child, and directed that the mother's parental access be supervised. The mother [*2]appeals. We affirm.
"'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Gooler v Gooler, 107 AD3d 712, 712, quoting Matter of Julie v Wills, 73 AD3d 777, 777; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Matter of Tinger v Tinger, 108 AD3d 569, 570; Matter of Swinson v Brewington, 84 AD3d 1251, 1253). Since custody determinations depend to a great extent upon the Family Court's assessment of the character and credibility of the parties and witnesses, deference is accorded to that court's credibility findings (see Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046). Custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (see id. at 1046; see also Matter of Gooler v Gooler, 107 AD3d at 712).
Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Bowe v Bowe, 124 AD3d 645, 646-647; Matter of Gribeluk v Gribeluk, 120 AD3d 579, 580).
Contrary to the mother's contentions, the Family Court did not fail to give proper consideration to alleged incidents of domestic violence (see Matter of Saunders v Stull, 133 AD3d 1383, 1383; cf. Matter of Wissink v Wissink, 301 AD2d 36, 39).
A determination with respect to parental access, including whether it should be supervised, is within the sound discretion of the Family Court, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Lopez v Lopez, 127 AD3d 974, 974-975; Matter of Costigan v Renner, 123 AD3d 825, 825-826; Matter of Morgan v Sheevers, 259 AD2d 619, 620). Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child (see Matter of Gainza v Gainza, 24 AD3d 551, 551; see also Rosenberg v Rosenberg, 44 AD3d 1022, 1024; Purcell v Purcell, 5 AD3d 752, 753). Contrary to the mother's contention, there was a sound and substantial basis in the record for the Family Court's directive that her parental access with the child be supervised (see Matter of Lane v Lane, 68 AD3d 995, 997).
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court