Matter of Brisard v Brisard (2022 NY Slip Op 07069)

Matter of Brisard v Brisard

2022 NY Slip Op 07069

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-08573
 (Docket Nos. V-4379-21, V-4497-21)

[*1]In the Matter of Harlan Brisard, appellant,
v
Jasmine Brisard, respondent. (Proceeding No. 1)
In the Matter of Jasmine Brisard, respondent,
v Harlan Brisard, appellant. (Proceeding No. 2)

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Bryant & Bleier, LLP, New York, NY (Anne Peyton Bryant of counsel), for respondent.
Cheryl Y. Mallis, Garden City, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated October 22, 2021. The order, after a hearing, in effect, granted the mother's petition for sole legal and physical custody of the child, with parental access to the father, and denied the father's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have one child together, born in 2012. In 2021, the father and the mother each filed a petition for sole legal and physical custody of the child. After a hearing and an in camera interview with the child, the Family Court awarded the mother sole legal and physical custody of the child, with parental access to the father. The father appeals.
"In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Olea v Diaz, 194 AD3d 721, 722; see Eschbach v Eschbach, 56 NY2d 167, 171). Factors to be considered include, inter alia, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Montebello v Montebello, 184 AD3d 565, 566 [internal quotation marks omitted]; see Matter of Olea v Diaz, 194 AD3d at 722). "The credibility findings of the Family Court after a hearing on the issue of custody will be accorded great weight on appeal, and its determinations regarding custody and parental [*2]access will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of McFarlane v Jones, 193 AD3d 936, 936; see Matter of Eckstein v Young, 176 AD3d 813, 815).
Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record, and thus, we decline to disturb it. The record demonstrates, among other things, that the child had been residing in the mother's home in West Hempstead since he was two years old, and that the child, who was nine years old at the time of the in camera interview, expressed a desire to continue residing with the mother, with whom he is deeply bonded. "[T]he preference of the child, while not determinative, is a factor to be considered and is entitled to some weight" (Matter of Lopez v Noreiga, 182 AD3d 551, 553; see Matter of Trejo v Pavon, 204 AD3d 928, 930). Moreover, the child, who had been living a stable life with the mother in New York, would have to relocate to Florida upon an award of custody to the father (see Matter of Olea v Diaz, 194 AD3d at 722; Matter of Sims v Boykin, 130 AD3d 835, 836). Although there was some evidence that the mother engaged in conduct that interfered with the father's relationship with the child, and this conduct should not be condoned, the totality of the circumstances provided a sound and substantial basis for the court's custody determination (see Matter of Brown v Simon, 195 AD3d 806, 821-822; Cohen v Cohen, 177 AD3d 848, 851; Matter of Sims v Boykin, 130 AD3d at 836-837).
The father's remaining contention is without merit.
The new facts set forth by the attorney for the child on appeal do not demonstrate that the record before us is no longer sufficient for determining the best interests of the child (see Matter of Michael B., 80 NY2d 299, 318; Matter of Torres v Cortes, 206 AD3d 1002, 1003; Matter of McQueen v Legette, 125 AD3d 863, 864).
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court