Matter of Sneed v Campagn (2022 NY Slip Op 07239)

Matter of Sneed v Campagn

2022 NY Slip Op 07239

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-06328
 (Docket No. V-22568-19)

[*1]In the Matter of Keenan Sneed, petitioner- respondent, 
v
Kelsey Rodriguez Campagn, appellant, et al., respondent.

Kelsey Lynn Rodriguez, named herein as Kelsey Rodriguez Campagn, West Newton, Pennsylvania, appellant pro se.
Jeffrey C. Bluth, New York, NY, for petitioner-respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Diane Costanzo, J.), dated September 15, 2020. The order, insofar as appealed from, upon a decision of the same court dated July 28, 2020, made after a hearing, in effect, granted the father's petition to modify an order of the Superior Court, State of Connecticut, dated October 6, 2017, so as to award him sole legal and physical custody of the parties' child.
ORDERED that the order dated September 15, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the parents of a child born in 2015. In an order dated October 6, 2017, the Superior Court, State of Connecticut, awarded the mother sole custody of the child (hereinafter the Connecticut custody order). By petition dated August 12, 2019, the father, a resident of New York, commenced the instant proceeding to modify the Connecticut custody order so as to award him sole legal and physical custody of the child. The Family Court, upon determining that it had jurisdiction to entertain the instant proceeding, after a hearing, inter alia, in effect, granted the father's petition and awarded him sole legal and physical custody of the child. The mother appeals.
Contrary to the mother's contention, the Family Court properly determined that it had jurisdiction to consider the father's petition to modify the Connecticut custody order. Domestic Relations Law § 76-b(2), which is part of the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-a), provides that a court of this state "may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial [custody] determination" under Domestic Relations Law § 76(1)(a) or (b), and, insofar as relevant here, "[a] court of this state . . . determines that the child [and] the child's parents . . . do not presently reside in the other state."
At the time of the commencement of this proceeding, neither the parties nor the child resided in Connecticut. The father and the child resided in New York, and the mother resided in Pennsylvania. The evidence demonstrated that the mother and the child had not lived in Connecticut [*2]since 2017, and that the proceedings the mother had commenced against the father in that state were terminated.
Further, the Family Court had jurisdiction to make an initial custody determination under Domestic Relations Law § 76(1)(a) or (b), as the only other state with potential home state jurisdiction besides New York was Pennsylvania, and, after communications between the Family Court and a Pennsylvania court, the Pennsylvania court issued an order deferring jurisdiction to the courts of New York (see id. § 76[1][a], [b]). Moreover, the child and at least the father, if not the mother (who had at times resided in New York), had a significant connection with New York, and substantial evidence is available in New York concerning the child's care, protection, training, and personal relationships, particularly in light of a neglect proceeding commenced against the mother in New York that resulted in a suspended judgment (see id. § 76[1][b][i], [ii]). Accordingly, the Family Court properly entertained the father's petition to modify the Connecticut custody order (see Matter of Briggs v Briggs, 171 AD3d 741, 742-743).
To modify a custody order, "there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Langenau v Hargrove, 198 AD3d 650, 651). The best interests of the child are determined by assessing the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172). "Since the Family Court's determination with respect to custody . . . depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Langenau v Hargrove, 198 AD3d at 651-652). Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of legal and physical custody to the father to ensure the best interests of the child has a sound and substantial basis in the record (see Currie v Follini, 209 AD3d 649; Matter of Schellinger v Dunn, 195 AD3d 1034, 1035).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court