Matter of Soto v Marrero (2023 NY Slip Op 01301)

Matter of Soto v Marrero

2023 NY Slip Op 01301

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-08138
 (Docket Nos. V-33501-17, V-2164-18)

[*1]In the Matter of Hector Soto, respondent,
v
Samanda Marrero, appellant. (Proceeding No. 1.)
In the Matter of Samanda Marrero, appellant,
v
Hector Soto, respondent. (Proceeding No. 2.)

Jacqueline Cabrera, Jamaica, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Rupert V. Barry, J.), dated August 31, 2021. The order, insofar as appealed from, after a hearing, in effect, granted the father's petition for sole legal and physical custody of the parties' child and denied the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of a child born in 2013. In November 2017, the father filed a petition for sole legal and physical custody of the child, and in January 2018, the mother filed a petition for sole legal and physical custody of the child. After a hearing, the Family Court awarded the father sole legal and physical custody of the child, with parental access to the mother. The mother appeals.
In a child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Brisard v Brisard, 211 AD3d 838; Matter of Olea v Diaz, 194 AD3d 721, 722). In determining the child's best interests, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Brisard v Brisard, 211 AD3d at 838 [internal quotation marks omitted]; see Matter of Devine v Dominguez, 210 AD3d 768, 769; Matter [*2]of Olea v Diaz, 194 AD3d at 722). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Langenau v Hargrove, 198 AD3d 650, 651-652; see Matter of Sneed v Campagn, 211 AD3d 957). Here, the Family Court's determination that the child's best interests would be served by awarding the father sole legal and physical custody of the child has a sound and substantial basis in the record and will not be disturbed (see Matter of Devine v Dominguez, 210 AD3d at 769; Matter of Olea v Diaz, 194 AD3d at 722).
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court