Matter of Scott v Hendy (2023 NY Slip Op 02788)

Matter of Scott v Hendy

2023 NY Slip Op 02788

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-08225
 (Docket Nos. V-6019-18, V-1280-19)

[*1]In the Matter of Tamarra Scott, appellant,
v
Deron Michael Hendy, respondent. (Proceeding No. 1.)
In the Matter of Deron Michael Hendy, respondent,
v
Tamarra Scott, appellant. (Proceeding No. 2.)

Carol Lipton, Brooklyn, NY, for appellant.
Helene Chowes, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Lisa J. Friederwitzer, J.), dated October 19, 2021. The order, insofar as appealed from, upon a decision of the same court also dated October 19, 2021, made after a hearing, granted the father's petition for sole custody of the parties' child to the extent of awarding the parties joint legal custody of the child, with final decision-making authority to the father, and awarding the father sole residential custody of the child, and, in effect, denied the mother's petition for sole custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are the unmarried parents of a child born in 2015, each filed a petition for sole custody of the child. After a hearing, the Family Court awarded the parties joint legal custody of the child, with final decision-making authority to the father, and awarded the father sole residential custody of the child, with parental access to the mother. The mother appeals.
In a child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Brisard v Brisard, 211 AD3d 838). In determining the child's best interests, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Brisard v Brisard, 211 AD3d at 838 [internal quotation marks omitted]). "Since [*2]the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Langenau v Hargrove, 198 AD3d 650, 651-652). Here, the Family Court's determination that the child's best interests would be served by awarding the father sole residential custody of the child and final decision-making authority with respect to the child has a sound and substantial basis in the record and will not be disturbed (see Matter of Devine v Dominguez, 210 AD3d 768, 769).
The mother's remaining contention is without merit.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court