Matter of Trammell v Gorham (2023 NY Slip Op 03923)

Matter of Trammell v Gorham

2023 NY Slip Op 03923

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-08884
 (Docket Nos. V-2-19/19A, V-3-19/19A, V-4-19/19A, V-5-19/19A, V-2-19/19B, V-3-19/19B, V-4-19/19B, V-5-19/19B, O-7-19, O-8-19, V-392-19, V-2-19/21C, V-3-19/21C, V-4-19/21C, V-5-19/21C)

[*1]In the Matter of Shaneeka Trammell, appellant,
v
Jaray Gorham, respondent. (Proceeding No. 1)
In the Matter of Barbara Gorham, respondent,
v Shaneeka Trammell, appellant, Jaray Gorham, respondent. (Proceeding No. 2)
In the Matter of Barbara Gorham, respondent,
v Shaneeka Trammell, appellant. (Proceeding No. 3)
In the Matter of Jaray Gorham, respondent,
v Shaneeka Trammell, appellant. (Proceeding No. 4)

Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Leighton M. Jackson, New York, NY, for respondent Jaray Gorham.
Richard Cardinale, Brooklyn, NY, for respondent Barbara Gorham.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated November 9, 2021. The order, insofar as appealed from, denied those branches of the mother's motion which were to vacate an order of the same court dated January 29, 2020, awarding custody of the subject child to the paternal grandmother, and two orders of protection of the same court also dated January 29, 2020, all of which were entered upon the mother's default.
ORDERED that the order dated November 9, 2021, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the mother's motion which was to vacate the order dated January 29, 2020, and substituting therefor a provision [*2]granting that branch of the motion; as so modified, the order dated November 9, 2021, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith, to be held with all convenient speed; and it is further,
ORDERED that pending a new determination of the paternal grandmother's custody petition, the order dated January 29, 2020, shall remain in effect.
Courts may generally proceed by default when a party has failed to comply with an order of the court (see Matter of Sims v Boykin, 130 AD3d 835, 835). "This authority, however, in no way diminishes the court's primary responsibility to ensure that an award of custody is predicated on the child's best interests, upon consideration of the totality of the circumstances, after a full and comprehensive hearing and a careful analysis of all relevant factors" (id. at 835-836 [citation omitted]). "A custody determination, whether made upon the default of a party or not, must always have a sound and substantial basis in the record" (id. at 836). "Although the determination of whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court, the law favors resolution on the merits in child custody proceedings" (Matter of Hogan v Smith, 206 AD3d 808, 810 [citations and internal quotation marks omitted]).
Here, the Supreme Court made a custody determination without a hearing and without making any specific findings of fact regarding the best interests of the child. Under the circumstances, that branch of the mother's motion which was to vacate an order dated January 29, 2020, awarding custody to the paternal grandmother, should have been granted in the interest of justice (see Matter of Hogan v Smith, 206 AD3d at 810; Matter of Sims v Boykin, 130 AD3d at 836). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and a new determination thereafter of the paternal grandmother's petition for custody of the child, to be held with all convenient speed (see Matter of Sims v Boykin, 130 AD3d at 837).
A party seeking to vacate an order of protection entered upon his or her default in a family offense proceeding must provide a reasonable excuse for the default and a meritorious defense (see Matter of Williams v Williams, 148 AD3d 917, 917). "The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court" (id. [internal quotation marks omitted]). A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Holman v Beaulieu, 100 AD3d 995, 996).
Here, upon the mother's failure to appear at a hearing on the family offense petitions, the Supreme Court conducted a brief inquest and issued two orders of protection. The mother failed to present a reasonable excuse for her failure to appear. The mother showed willfulness or intent to default. The record demonstrates that the mother was present at a conference on the morning of January 29, 2020, but voluntarily absented herself when she chose to leave the courtroom before completion of the proceedings (see Matter of Kingston V.R. [Victor R.], 216 AD3d 1096; Matter of Jacqueline E.S.B. [Daniel B.], 160 AD3d 828, 829; cf. Matter of Williams v Williams, 148 AD3d at 918). Accordingly, the court properly denied that branch of the mother's motion which was to vacate the orders of protection.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court