Matter of Guzman v Nollah (2024 NY Slip Op 01010)

Matter of Guzman v Nollah

2024 NY Slip Op 01010

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-06383
 (Docket Nos. V-8887-20, V-8888-20, V-8889-20, V-8980-20, V-8981-20, V-8982-20)

[*1]In the Matter of Paola Guzman, appellant,
v
Michael Nollah, respondent. 

Law Offices of David L. Martin, Esq., P.C., Mineola, NY, for appellant.
Gildin & Chapman, Mineola, NY (Brent Allen Chapman and Steven Gildin of counsel), for respondent.
Lesley J. Lanoix, Jamaica, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Elizabeth Fassler, J.), dated July 7, 2022. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was for sole residential custody of the parties' children and directed that the parties share residential custody of the children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father were never married and have three children in common. In December 2020, the mother filed a petition for sole legal and residential custody of the children, with parental access to the father. After a fact-finding hearing, the Family Court, inter alia, in effect, denied that branch of the petition which was for sole residential custody of the children and directed that the mother and the father shall share residential custody of the children, with a week on/week off parenting schedule. The mother appeals.
In a child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Brisard v Brisard, 211 AD3d 838). In determining the child's best interests, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Brisard v Brisard, 211 AD3d at 838 [internal quotation marks omitted]). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be [*2]disturbed unless they lack a sound and substantial basis in the record" (Matter of Langenau v Hargrove, 198 AD3d 650, 651-652).
Here, the Family Court's determination that the best interests of the children would be served by directing that the parties share residential custody of the children has a sound and substantial basis in the record and will not be disturbed (see Matter of Cassissa v Solares, 176 AD3d 697, 698-699).
The mother's remaining contention is without merit (see id. at 698-699; Matter of Scott v Thompson, 166 AD3d 627, 629).
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court