Matter of Akaberi v Cruciani (2024 NY Slip Op 03745)

Matter of Akaberi v Cruciani

2024 NY Slip Op 03745

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-05073
2023-03295
 (Docket Nos. V-3018-14/21B, V-411-22)

[*1]In the Matter of Aaron Akaberi, appellant,
v
Alexandra Cruciani, respondent. (Proceeding No. 1)
In the Matter of Alexandra Cruciani, respondent,
v
Aaron Akaberi, appellant. (Proceeding No. 2)

Arza Feldman, Manhasset, NY, for appellant.
Francine H. Moss, Ronkonkoma, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated June 16, 2022, and (2) an order of the same court dated March 3, 2023. The order dated June 16, 2022, upon the father's failure to appear at a scheduled court appearance, dismissed the father's petition to modify an order of the same court (Kerri N. Lechtrecker, J.) dated May 23, 2014. The order dated March 3, 2023, denied the father's motion to vacate the order dated June 16, 2022, and another order of the same court, also dated June 16, 2022, which, upon the father's failure to appear at the scheduled court appearance and without a hearing, granted the mother's petition for sole legal and physical custody of the parties' child, with no parental access to the father.
ORDERED that the appeal from the order dated June 16, 2022, is dismissed, without costs or disbursements, as no appeal lies from an order that was entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated March 3, 2023, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the father's motion which was to vacate the order dated June 16, 2022, granting the mother's petition for sole legal and physical custody of the parties' child, with no parental access to the father; as so modified, the order dated March 3, 2023, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith; and it is further,
ORDERED that pending a new determination of the mother's petition, the provisions of the order dated June 16, 2022, awarding her sole legal and physical custody of the parties' child shall remain in effect.
The parties are the parents of a child born in 2011, who has remained in the care of [*2]the mother since birth. In an order dated May 23, 2014 (hereinafter the order of supervised parental access), the Family Court awarded the father certain supervised parental access with the child. In October 2021, the father filed a petition to modify the order of supervised parental access. In January 2022, the mother filed a petition for sole legal and physical custody of the child.
During court conferences throughout 2022, the Family Court, inter alia, directed the father to undergo a mental health evaluation, and prohibited him from bringing recording devices into the courtroom. The father failed to comply with the court's directives, and on April 20, 2022, the father was denied entry to the courtroom after he refused to voucher his recording devices. On June 16, 2022, the father was again denied entry to the courtroom after he refused to voucher his recording devices, among other things. Upon the father's failure to appear at the scheduled court appearance, in separate orders, each dated June 16, 2022, the court dismissed the father's petition and, without a hearing, granted the mother's petition for sole legal and physical custody of the child, with no parental access to the father.
Thereafter, the father moved to vacate the orders dated June 16, 2022. In an order dated March 3, 2023, the Family Court denied the motion. The father appeals.
Where a parent has repeatedly failed to appear at scheduled court appearances and to comply with the court's directives, the court has the authority to proceed by default (see Matter of Trammell v Gorham, 218 AD3d 780, 781; Matter of Sims v Boykin, 130 AD3d 835, 835). "This authority, however, in no way diminishes the court's primary responsibility to ensure that an award of custody is predicated on the child's best interests, upon consideration of the totality of the circumstances, after a full and comprehensive hearing and a careful analysis of all relevant factors" (Matter of Sims v Boykin, 130 AD3d at 835-836 [citation omitted]; see Matter of Trammell v Gorham, 218 AD3d at 781).
"[C]ustody determinations should generally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [alternations and internal quotation marks omitted]). While "the 'general' right to a hearing in custody cases is not an absolute one[,] . . . [a] decision regarding child custody should be based on admissible evidence" and not "mere 'information'" or hearsay statements (id. at 563-564 [citation omitted]). Moreover, where the circumstances "fit within the narrow exception to the general right to a hearing[,] . . . a court opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (id. at 564).
Here, the Family Court erred in rendering a custody determination without conducting a hearing or without the submission of any admissible evidence, seemingly relying upon the hearsay statements of the attorneys (see id.; Matter of Corcoran v Liebowitz, 189 AD3d 1579, 1581; Palazzola v Palazzola, 188 AD3d 1081, 1083). Furthermore, the court failed to make any specific findings of fact regarding the best interests of the child, and failed to clearly articulate which factors were material to its determination (see S.L. v J.R., 27 NY3d at 564; Matter of Trammell v Gorham, 218 AD3d at 781; Matter of Baez-Delgadillo v Moya, 215 AD3d 829, 830). Under the circumstances, the court should have granted that branch of the father's motion which was to vacate the order dated June 16, 2022, granting the mother's petition for sole legal and physical custody of the child (see Matter of Trammell v Gorham, 218 AD3d at 781; Matter of Hogan v Smith, 206 AD3d 808, 810; Matter of Sims v Boykin, 130 AD3d at 837).
The Family Court, however, providently exercised its discretion in denying that branch of the father's motion which was to vacate the order dated June 16, 2022, dismissing the father's petition to modify the order of supervised parental access. "The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (Matter of Brandon G. [Tiynia M.], 155 AD3d 626, 626; see Matter of Goldstein v Goldstein, 190 AD3d 971, 973). The record supports the court's determination that the father failed to establish either a reasonable excuse for his default or a potentially meritorious claim (see Matter of Dublin v Morris, 224 AD3d 901, 902; Matter of Block-Iaconetti v Iaconetti, 176 AD3d 1051, 1053).
The father's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court