Matter of Riera v Ayabaca (2025 NY Slip Op 00661)

Matter of Riera v Ayabaca

2025 NY Slip Op 00661

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2024-00284
 (Docket Nos. V-6558-23, O-6991-23, V-7053-23)

[*1]In the Matter of Gabriela Riera, respondent,
v
Fernando Ayabaca, appellant. (Proceeding Nos. 1 and 2)
In the Matter of Fernando Ayabaca, appellant,
v Gabriela Riera, respondent. (Proceeding No. 3)

Matthew R. Mazzamurro, Peekskill, NY, for appellant.
Daniel L. Pagano, White Plains, NY, for respondent.
William E. Horwitz, Briarcliff Manor, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated November 29, 2023. The order denied the father's motion to vacate an order of the same court dated September 27, 2023, awarding sole legal and physical custody of the parties' child to the mother, with supervised parental access to the father, and an order of protection of the same court dated September 27, 2023, both of which were entered upon the father's failure to appear at a scheduled court appearance.
ORDERED that the order dated November 29, 2023, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the father's motion which was to vacate the order dated September 27, 2023, awarding sole legal and physical custody of the parties' child to the mother, with supervised parental access to the father, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated November 29, 2023, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith; and it is further,
ORDERED that pending the hearing and new determination of the parties' custody petitions, the provisions of the order dated September 27, 2023, regarding custody and parental access shall remain in effect.
The parties are the parents of one child, born in 2010. In the summer of 2023, the parties filed competing petitions seeking custody of the child, and the mother filed a family offense petition against the father. The parties made an initial appearance before the Family Court on August 30, 2023. Subsequently, the father failed to appear at the next scheduled court appearance on September 27, 2023. In an order dated September 27, 2023, the court, without a hearing, awarded [*2]sole legal and physical custody of the child to the mother, with supervised parental access to the father (hereinafter the custody order). The court also issued an order of protection dated September 27, 2023, directing the father, inter alia, to stay away from the mother for a period of two years.
Thereafter, the father moved to vacate the custody order and the order of protection. In an order dated November 29, 2023, the Family Court denied the father's motion. The father appeals.
"Although the determination of whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court, the law favors resolution on the merits in child custody proceedings" (Matter of Hogan v Smith, 206 AD3d 808, 810 [citations and internal quotation marks omitted]; see Matter of Meehan v Kittle, 229 AD3d 553, 554). In addition, the court's authority to proceed by default "in no way diminishes the court's primary responsibility to ensure that an award of custody is predicated on the child's best interests, upon consideration of the totality of the circumstances, after a full and comprehensive hearing and a careful analysis of all relevant factors" (Matter of Sims v Boykin, 130 AD3d 835, 835-836 [citation omitted]; see Matter of Meehan v Kittle, 229 AD3d at 554; Matter of Trammell v Gorham, 218 AD3d 780, 781). "A custody determination, whether made upon the default of a party or not, must always have a sound and substantial basis in the record" (Matter of Sims v Boykin, 130 AD3d at 836; see Matter of Trammell v Gorham, 218 AD3d at 781).
Here, the Family Court made a custody determination without a hearing and without making any specific findings of fact regarding the best interests of the child. Under the circumstances, that branch of the father's motion which was to vacate the custody order should have been granted in the interest of justice (see Matter of Akaberi v Cruciani, 229 AD3d 541, 543-544; Matter of Trammell v Gorham, 218 AD3d at 781; Matter of Sims v Boykin, 130 AD3d at 836-837). Accordingly, we remit the matter to the Family Court, Westchester County, for a hearing and a new determination thereafter of the parties' custody petitions, to be held with all convenient speed (see Matter of Trammell v Gorham, 218 AD3d at 781; Matter of Sims v Boykin, 130 AD3d at 837).
The Family Court, however, providently exercised its discretion in denying that branch of the father's motion which was to vacate the order of protection. "A party seeking to vacate an order of protection entered upon his or her default in a family offense proceeding must provide a reasonable excuse for the default and a meritorious defense" (Matter of Trammell v Gorham, 218 AD3d at 781; see Matter of Williams v Williams, 148 AD3d 917). Here, the father failed to present a reasonable excuse for his default (see Matter of Trammell v Gorham, 218 AD3d at 781).
The mother's remaining contention is without merit.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court